CHARLOTTE A. PARISH, APPELLANT, *v.* HARVEY W. ELLIS AND WIFE, APPELLEES.

The acts of Congress, relating to judicial proceedings in the territory of Florida, give the right of appeal to the Supreme Court of the United States, in cases of equity, of admiralty and maritime jurisdiction, and prize or no prize; but cases at law are to be brought up by writ of error, as provided for by the judiciary act of 1789. It has always been held that a case at law, cannot, under the act of 1803 be brought to the Supreme Court by appeal.

In many of the states and territories, the ancient common law remedy for the purpose of obtaining an allotment of dower, as well as the remedies for other legal rights, have been changed for others more convenient and suitable to our situation and habits; yet they are regarded as cases at law, although they are not carried on according to the forms of the common law.

Cited, Parsons *v.* Bedford and others, 3 Peters, 447.

ON appeal from the Court of Appeals, in Florida.

The case is fully stated in the opinion of the Court.

The only question in the case on which the Court gave an opinion, was upon the right of the appellant to bring the case to this Court by appeal, instead of by writ of error.

Mr. Gilpin, for the appellees, contended, that an appeal does not lie in this Court; this case could be brought here only by writ of error. It is not a case either of equity, admiralty, or prize or no prize. From 1789 to 1803, all cases were brought here by writ of error. Act of 24th September, 1789, sec. 22; 1 Story's Laws, 60. In 1803, appeals were allowed; but they were expressly confined to cases of equity, admiralty, and prize or no prize. Act of 3d March, 1803, sec. 2; 2 Story's Laws, 905. The Courts have always strictly maintained this distinction between the two modes of proceeding. United States *v.* Hanson, 1 Gallison, 21; The San Pedro, 2 Wheat. 141. In the case of Ward *v.* Gregory, 7 Peters, 633, this Court dismissed an appeal from a judgment rendered in the proceedings upon a mandamus, which were not proceedings in a case of equity, admiralty, or prize or no prize. The proceedings for the assignment of dower certainly fall as little within either of these classes of cases as

those upon a mandamus. They are common law proceedings; and the writ for the allotment of dower in this case resembles, generally, that which is used in such proceedings. Williams v. Gwyn, 2 Saunders, 44 d, note 4. This appeal, therefore, ought to be dismissed.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case is brought here by appeal from the judgment of the Court of Appeals for the territory of Florida. A motion has been made to dismiss the case upon the grounds that it was a proceeding at law, and not in equity, and that under the acts of Congress regulating the appellate jurisdiction of this Court, the case cannot be brought here by appeal; and that we have no jurisdiction to revise the judgment of the territorial Court, unless it is brought up by writ of error.

The question may, perhaps, seem to be rather one of form than of substance. But, nevertheless, it is our duty to conform to the acts of Congress; and we cannot exercise the appellate jurisdiction conferred upon this Court except in the form prescribed by law.

The case in the territorial Court was this:—James L. Parish died in Jefferson county, in the territory of Florida, in 1838, leaving his widow, Charlotte A. Parish, the present appellant; and no children. His sister, Catharine Ellis, one of the appellees, was his heir at law; and he left real estate, negroes, and personal property of considerable value.

After his death his widow petitioned the Superior Court of Middle Florida, for an allotment of her dower in the real estate, and her share of the personal property; claiming to be entitled to one half of each under a law of the territory, passed in 1838. And thereupon a writ was issued by the Court to the sheriff, directing him to deliver over to the petitioner her portion of the estate as prayed for. On the 18th of December, 1838, the sheriff returned the writ with an inquisition or report of certain freeholders summoned by him, allotting to the widow as her dower certain portions of the real estate, negroes, and property, being the one half of the gross amount of said estate in quantity and value.

On the 15th of April, 1839, the present appellees interposed

and objected to the return and allotment, because it was made before the estate was settled by the administrator, and, as they also alleged, collusively; and because the allotment was too large, and the mode of proceeding informal.  It was, however, confirmed by the Superior Court; and an appeal thereupon taken to the Court of Appeals for the territory, where the judgment of the Superior Court was reversed.  And from this judgment of reverse the case has been brought here by appeal.

If the proceedings in the territorial Courts were proceedings at law and not in equity, we have no jurisdiction to hear the case, because it is not brought here by writ of error.  The act of Congress of July 14, 1832, sec. 3, (4 Story's Laws, 2330,) declares, that the regulations prescribed by the second section of the act entitled "An act in addition to an act entitled an act to amend the judicial system of the United States," approved the 3d of March, 1803, as far as said regulations shall be practicable, shall be observed in respect to all writs of error and appeals from the said Court of Appeals in the said territory to the Supreme Court of the United States.  And the act of 1803 thus referred to in the law of 1832, gives the right of appeal in cases of equity, of admiralty and maritime jurisdiction, and prize or no prize; but leaves the cases of law to be brought up by writ of error as provided for by the act of 1789.  And it has always been held that a case at law, cannot, under the act of 1803, be brought here by appeal.  2 Wheat. 141, 142.

The question, then, is whether the proceedings in the Florida Courts were in a case at law.  They certainly differ from the ancient common law proceeding by writ of dower; and, indeed, they necessarily differed from it, because the widow's share of the negroes and personal property were united in the same proceeding that was instituted to recover her dower in the real estate; and it certainly does not strictly conform to any of the modes of proceeding known to the common law.  But in many of the states and territories the ancient common law remedy for the purpose of obtaining an allotment of dower, as well as the remedies for other mere legal rights, has been changed for others more convenient and suitable to our situation and habits.  Yet they are regarded as cases at law, although they are not carried on according to the forms of the common law.  In the case of

Parsons *v.* Bedford and others, 3 Peters, 447, the Court, when speaking of remedies of this description, said, that all suits brought to settle legal rights which were not of equity or admiralty jurisdiction, whatever might be their peculiar forms, were cases at law, within the meaning of those terms, as used in the Constitution and acts of Congress. In a·case like the present, it is true that although the right is strictly a legal one, yet the Court of Chancery possesses concurrent jurisdiction with the Courts of Law. But the proceeding in question is obviously not according to the principles or established practice of Courts of Equity, and was not intended to be such. It could not be sustained in any Court acting upon the rules of a Court of Chancery; and must therefore be regarded as a proceeding at law. And being a case at law it cannot, under the acts of Congress before mentioned, be brought here except by writ of error.

The appeal must therefore be dismissed.