JOHN A. HENDERSON AND SAMUEL P. CHAIRES, EXECUTORS, APPELLANTS, VS. M. M. CHAIRES, APPELLEE.

1. The statute of 1828 providing a summary remedy at law for the recovery of dower is still in force, and by the Constitution of 1868, the Circuit Court is vested with jurisdiction to entertain proceedings under that statute.

2. In the exercise of this jurisdiction the court can try the title to dower, but its judgment would only conclude parties to the proceeding.

3. To sustain a plea in bar of dower based on the statute of Westminster, 2, 13, Edward, 1, chap. 34, it is necessary to prove both that the wife left her husband willingly, and that she was guilty of adultery during the desertion.

4. It was not error in the court to exclude interrogatories to the wife seeking to prove her confessions to the husband of unfaithfulness to him.

5. It is not irregular to allot dower by separate orders, one as to the real, and the other as to the personal estate.

Appeal from the Circuit Court for Leon county.

Judge McCLELLAN, of the First Circuit, sat in the place of Mr. Justice RANEY, disqualified.

The facts of the case are stated in the opinion.

*John W. Malone* for Appellants.

The admeasurement of dower under the statute is founded on the assumption that the widow is entitled to dower

out of the estate in question, and that it is only to be designated and set off.

There is no provision for trying the title to dower, and the admeasurement to be made cannot affect or prejudice the right to dower, or the legal or equitable bar to it.    9 Mass. 9 ; 9 John 248 ; 1 Wash. R. Prop. 276–7.

But the statute of Alabama, from which ours is derived, authorizes a contest, and the heirs are necessary parties.    7 Porter, 19 ; 9 Ala., 906 ; 23 Ala., 616.

It is a special and summary proceeding, in which no relief other than that specially authorized by the statute can be granted.    Milton vs. Milton, 14 Fla., 371.

It is neither a case in equity nor one at law, because neither mesne profits nor damages can be recovered in it. Milton vs. Milton, 14 Fla., 371 ; May vs. May, 7 Fla., 221.

The Circuit Courts have both common law and equity owners.    Art. 6, Sec. 8, Const. of 1868;    But in exercising the different jurisdictions they act as distinct and independent tribunals.    17 Fla., 543 ; 5 Blackford, 443.

These powers are conferred upon the Circuit Courts by the Constitution, and cannot be vested elsewhere by the Legislature.    11 Penn. St., 489 ; 14 Ill., 420; 5 Mich. 409 ; 72 Ill., 411 ; 3 Wis. 805 ; 27 Wis., 130 ; 39 Wis. 390 ; 2 Eng., 173 ; 60 N. Y., 204.

It is true that the Legislature can regulate the practice in these courts, but in doing this it is limited to laws of a general and uniform operation throughout the State.    Art. 4, Secs. 17 and 18, Const. of 1868.

The statute authorizing this special proceeding was enacted when the jurisdiction of the Circuit Courts was subject to legislative control, and is in contravention of the Constitution of 1868.

· The fourth and sixth interrogatories propounded to

Martha M. Chaires were proper and ought to have been answered.

The testimony sustains the allegations contained in the plea, and bars the petitioner of dower in the reality. 2 Brock, 256 ; 3 N. H., 41 ; 13 Ind., 361–4 ; Dane Ab., 676, 672 ; 24 Wend., 193 ; 10 C. B. (N. S.), 722, 732 ; 6 Bing., 135 ; Thomp. British Statute, 6 Tenn. Rep. 603 ; 54 Mo. 251 ; 4 Dillon, 584 ; 1 Wash. R. P., 243, 242. Bish. Mar. and Div., Sec. 628. It was irregular to decree in part in favor of the petitioner, but the Court should have waited until the Commissioners had allotted in the real and personal property. Chaires and wife vs. Shepard, 7 Fla., 77.

The Court ought not to have confirmed the reports of the Commissioners, because a greater proportion of the real and personal property of Charles P. Chaires, deceased, is allotted to the petitioner than she was entitled to under the statute.

*R. W. Williams* for Appellee.

MAXWELL, C. J.: Mrs. M. M. Chaires, the widow of Chas. P. Chaires, deceased, filed her petition in the Circuit Court of Leon county for dower in certain lands described in the petition, and for one-half share of the personal property of her said husband. Notice in compliance with the statute was served upon appellants, as executors of Chas. P. Chaires, and they filed a plea in the following words : " That in the lifetime of the said Chas. P. Chaires, and while the said Martha was his wife, she, the said Martha, willingly and without his consent, left the said Chas. P. of her own accord and went away and continued in adultery with one Benjamin C. Chaires, and that the said Charles P. Chaires was not at any time after such leaving or continuing in adultery reconciled to her ; whereupon, and by means whereof, she is barred of her dower." Issue was

joined on this plea and a hearing had on evidence, which resulted in a decree for the petitioner, and the allotting of dower upon the report of commissioners. From that decree appeal was taken to this court.

The first error assigned is " that the court had no jurisdiction of the subject matter of the suit as a court of law." This objection is made here for the first time, and but for the fact that it is a fatal objection, if true, which may be made at any time, we would pass it by as a matter that was waived below.

But the question, though raised so late, must be met. The ground of the objection is that while the summary remedy provided by the statute of 1828 for the recovery of dower was suited to the courts as then existing, the Circuit Court as organized under the Constitution of 1868 were not vested with jurisdiction which included that given by the statute to the corresponding court of 1828. As the statute was enacted and still stands, it gives concurrent jurisdiction to two courts, county and Circuit, (formerly Superior) to allot dower. The proceeding was to be by petition of the widow setting forth what she claimed of the reality and personality of her deceased husband, and thereupon the court shall issue a writ to the Sheriff to summon commissioners to make the allotment; but the petitioner is required to give ten days previous notice of the application to the executors or administrators of the deceased. McClellan, sections 7 and 8, pp. 476-7.

As it is not denied that the jurisdiction conferred by this statute on one of the territorial courts then standing in the place of the subsequent Circuit Courts, was at the time of its passage, within the scope of legislative authority, the enquiry is whether the jurisdiction conferred on the Circuit Courts by the Constitution of 1868 was so narrowed as to

exclude cases under this statute, and leave them entirely to the County Courts or to chancery. We think the answer must be in the negative.

This summary proceeding is a substitute for the common law writ to obtain dower, and was intended to relieve the widow of the delay and cumbrous machinery of that law. It is a proceeding at law, and therefore appropriate to a court of law, as distinguished from a court of chancery. The Supreme Court of the United States so held in Parish vs. Ellis, 16 Peters, 451, where it refused to entertain an appeal growing out of a case founded on this statute, because writ of error, and not appeal, according to the practice of that court, was the proper mode of bringing before it a case at law. Looking to the Constitution of 1868, it will be found that Circuit Courts were invested with original jurisdiction "in all cases at law in which the demand or value of the property involved exceeds one hundred dollars." Under this we think it beyond doubt that the jurisdiction given to the Circuit Courts by the statute is fully sustained and perpetuated.

The extent of that jurisdiction is another question. Neither the county nor the Circuit Court can go beyond the authority expressly conferred. And in view of this, it is contended for appellants that the court cannot try the title to dower, but should confine itself to simple admeasurement of the same when the title is undisputed. This, then, would be the attitude of things. The widow came into court claiming her dower in strict accordance with the statute. The executors of the deceased husband also brought into court as the statute directs, plead that she is barred of her dower by reason of the adultery alleged. According to appellants' contention this ends the case, for if the charge bars her dower, and the court cannot try the

charge, there is nothing more to be done.    Is the statute so defective as to require action of the court, but at the same time leave it so impotent that it cannot act ?    The cases in Massachusetts and New York cited by appellants were under statutes essentially different from ours, and have no application here.    This was held in Barney vs. Frowner and wife, 9 Ala., 901—our statute and that of Alabama being in precisely the same words.    And in that case the right to try the title to dower was sustained, the court saying : " We can see no reason, where an allotment can be made by metes and bounds, why the right of dower cannot be as well tried under the statute remedy as by the common law mode of procedure."    But the court, while maintaining this view, says afterwards that there are cases " in which the statute remedy would be either inadequate or improper " as was the one before it, where the husband had aliened the lands and they were in the possession of several different persons, who might have several distinct defences.    In a previous Alabama case (executors of Green vs. Green, 7 Porter, 19,) the court gave its opinion in favor of the right to try title to dower under the statute, but held that the heirs and terre-tenants, as well as the executor or administrator, should be made parties, although there was nothing in the statute to require this.    From the date of that decision, the practice in Alabama conforms to its doctrine as to parties, and the right to try title to dower was not afterwards questioned, except where the remedy was inadequate or improper.

The practice in Mississippi, where the same statute substantially was adopted in 1822, was different.    The petitioner was not required to give notice except that provided for in the statute, viz : to the executors or administrators. The effect of that was that the court would proceed to ad-

judge dower, if in the controversy between the parties thus before it, the petitioner was found to be entitled to dower. But this did not bind parties not before the court nor conclude their rights. Holloman vs. Holloman, 5, Smedes & Marshall, 559; James vs. Rowan, 6 *Ibid*, 393; S. P. Ware vs. Washington, *Ibid*, 737; Bisland vs. Bisland, 11 *Ibid*, 164.

It appears, therefore, that in the two States having a statutory remedy like ours, the jurisdiction of the court is not ousted because a question is made in regard to the title to dower. In Alabama the question was tried, on bringing into court all parties interested, for a final adjudication between them and the claimants; while in Mississippi the rial was limited to the claimant and representatives of the deceased husband, leaving the rights of others intested to be determined in some other appropriate tribunal.

In this State, so far as we are advised, there has never been any decision as to the proper practice under the statute; but we think the uniform course, upon filing a petition for dower, has been to give notice only to the executors or administrators, and that the courts have proceeded to act in the case with no other parties before them. Such a course under a law enacted more than sixty years ago would seem to give it a practical construction that allows the dower to be adjudged as between the claimant and the deceased husband's representatives without reference to other parties; and as between such claimant and representatives, there would certainly have to be a decision upon the right to dower, else the statute bore the weakness of arraying parties against each other before the court, while the court was left powerless to entertain any contest on the questions presented. Suppose a question should arise as to whether there had been a marriage, it can

hardly be contended that the court is not empowered to try that question. The executors or administrators may have charge of an estate consisting of personality alone, and if upon a petition by one claiming to be the widow of the deceased, they cannot as representing the whole interest of the estate, make an issue on that fact which the court may determine, it is difficult to see how the summary remedy of the statute is any remedy at all, except a merely formal one that can be easily rendered utterly inoperative. And the same may be said as to her right to dower, under an allegation that though married to the deceased, she forfeited all right as his widow by her adulterous misconduct during the coverture. The question made on these grounds is different from that of her right to dower in this or that parcel of land, and the result might be different as to the finality of the proceeding, according as it may or may not in the case of land affect interests not represented by the executors or administrators. Under the Mississippi rule in such case, while the dower will be assigned, none but the representatives of the deceased are bound by it, and we apprehend the same would be the rule here.

We hold in accordance with the foregoing views that the court did not err in entertaining jurisdiction of the plea against the petitioner's right to dower.

That plea was based on the British Statute of Westminster 2, 13 Edw. I., chap. 34, which is this: "If a wife willingly leave her husband and go away, and continue with the adulterer, she will be barred forever of action to demand her dower that she ought to have of her husband's lands if she be convicted thereupon except that her husband willingly and without coercion of the church recon-

3

cile her and suffer her to dwell with him—in which case she shall be restored to her action." We are not called on to decide whether this statute is in force in this State, as issue was joined on the plea, and the trial had on that issue.

The errors assigned against the action of the court in the trial are, that the court should have required Martha M· Chaires to answer the 4th and 6th interrogatories propounded to her by the defendants; and that "the court should have sustained defendants' plea and dismissed the petition." Interrogatory 4th is an enquiry whether Mrs. Chaires had at any time confessed to her husband or any one else that she had been an unfaithful wife, and had had illicit intercourse with another person, &c.; and the 6th is an interrogatory, predicated on such confession, as to whether the husband had afterwards continued to reside with her. The court did not err in refusing to require answers to these interrogatories. No rule of law is better established than that which forbids disclosures by husband or wife as witnesses of matters or conversations occurring between them during coverture. The books abound in cases to support the rule. We need only refer to 1 Greenleaf on Evidence, section 334, and cases cited in note 4, for the reason of the rule; and to section 337, and to notes, for authorities to show that the rule holds good even after death or divorce.

As to the court having erred in refusing to sustain the plea of defendants, that depends upon the sufficiency of the evidence adduced to support it. The letters of Mrs. Chaires to her husband, though it seems they were admitted and considered by the court below, should have been excluded for the same reasons which protected her from compulsion to answer the 4th and 6th interrogatories. They were communications between husband and wife fully within the rule

mentioned. But taking those letters for all they import, there is nothing in them to show that she willingly left her husband, or that she committed adultery after she left him— both of which must be shown to make a case that bars dower under the Wesminster statute. 2 Scribner on Dower, 531, *et seq.;* Walters vs. Jordan, 13 Iredell, 361.

There is no other evidence except that of S. P. Chaires, and there is nothing in that to sustain these points of the plea. He knows nothing of his own knowledge on the subject and testifies as to what the husband told him about the adultery of the wife, but says he knows they lived apart and were not reconciled after the separation. Whether she went away willingly, or whether she committed adultery after she went away, are matters about which his testimony is entirely silent. On such evidence the court was clearly right in refusing to sustain the plea.

The 4th error assigned is considered as abandoned. The 5th is, that " the court should not have decreed in part in favor of the petitioner, but should have waited until the commissioners had allotted dower in the real and personal property." The decree or judgment was general in its terms, declaring in substance that the petitioner was entititled to dower in one-third of the real estate of which her husband died seized and possessed, or had before conveyed, whereof she had not relinquished her right of dower, and also (there being no child of the marriage) one-half of the proceeds of the personal property unsold; and ordering the sheriff to summon · commissioners to make allotment accordingly.

In due time the commissioners summoned reported an allotment of one-third of the real estate, and at the same time reported that, for reasons given, they had been unable to make allotment in the personal property, and asked in-

structions in the premises. The report as to real estate was confirmed, and directions given to the commissioners by the court to complete their allotment of personalty and report the same as early as possible. This decree was made October 21st, 1885. On the 18th day of November, thereafter, the commissioners made their final report allotting personalty, and this report the court confirmed.

The appellants, on the authority of Chaires *et al.* vs. Shepard *et al.*, 7 Fla., 77, contend that these proceedings were irregular, and that the court " should have waited until the commissioners had allotted dower in the real and personal property ;" that is, as we understand it, that there should have been but one decree making the entire allotment. We do not think the case relied on justifies the contention. In that there had been no allotment except in lands and slaves and two other items of personalty, leaving all the other personalty to be dealt with afterwards ; and the court held that as the allotment in these two items was contested and there was a large number of other items not included in the allotment, which might also be subject to contest, it was irregular to decree as to the two except in connection with the whole. As a consequence the decree was set aside as to the two items, leaving the allotment of lands and slaves untouched, and directing that the master ascertain the nature, state and amount of other personalty than slaves, with a view to a final decree. It will be seen that when the court held that the decree was irregular in that case it was upon proceedings very different from those in the present case, and that while it set aside a portion of the allotment, it left other portions standing. In the present case there were two reports of commissioners, one as to realty and the other as to personalty, which were confirmed by separate decrees. But there was no such complication of the proceedings, nor uncertainty in the allotment as a whole,

as to bring it within the rule of Chaires vs. Shepard, *supra*, or to justify the objection made here.

The last error assigned is, that the court should have refused to confirm the report of the commissioners, because more real and personal property was allotted to the petitioner than the statutes authorize. There were no exceptions to either report, and no matters are pointed out to us to show wherein more was allotted than was proper. It is not for us to practice diligence in search of mistakes of the commissioners which the diligence of counsel has failed to bring specifically to our attention.

The judgment and orders of the court are affirmed.