Ellis, J.
 

 case presents one principal question and several subsidiary questions. They are duly presented by this record, which is that of a cause under the statute for the admeasurement of dower and dissent of the widow from the provisions of her alleged husband’s will.
 

 The main question is: Has a widow upon dissenting from the provisions of her husband’s will and petition for the allotment of dower in his estate the right' to a trial by jury on the fact of the existence of the marriage relation when in the proceeding the executor of the will denies the existence of the marriage relation between the petitioner and the testate?
 

 The circuit judge before whom the cause was tried denied the'right to the petitioner, Mrs. Addie Irene Catlett, and she took a writ' of error from this court.
 

 The subsidiary questions are: May the petitioning widow testify to the fact of marriage as part of her case in the main; may, after the executor has offered testimony in contradiction of that offered by the widow to show the circumstance of marriage, she testify in rebuttal as to the
 
 *1148
 
 fact; does the evidence in the case establish the existence between the petitioner and the deceased testator of a common law marriage; were certain other rulings of the circuit court as to the admission of evidence erroneous.
 

 Incidentally another question was injected into the case involving the validity of the petitioner’s divorce from a former husband prior to her alleged marriage with the deceased testator.
 

 If the principal question is decided in the affirmative the cause will have to be remanded to the trial court with directions to submit the issue of fact to trial by jury and the court’s opinion upon the subsidiary questions would be merely
 
 obiter dictum
 
 even if such opinion might be treated as advisory to the trial court in the jury trial.
 

 The right of the wife t'o dower is not derived through the husband but by provision of law. It is an interest which the law casts upon her. See Smith v. Hines, 10 Fla. 258; Finlayson v. Love, 44 Fla. 551, text 556, 33 So. R. 306.
 

 The right of dower is superior to the husband’s will. See Godwin v. King, 31 Fla. 525, 13 So. R. 108; Herzog v. Trust Company of Easton, 67 Fla. 54, 64 So. R. 426, Ann. Cas. 1917A 201 n.
 

 The jurisdiction of the circuit court or county judge’s court to allot dower and the proceedings by or through which the power is exercised has existed in this State since 1828. The jurisdiction as conferred upon the circuit courts by the Constitution of 1868 was not so narrowed as to exclude eases under the statute of 1828. The extent of the jurisdiction covers the power to determine the title to dower. See Henderson and Chaires v. Chaires, 25 Fla. 26, 6 So. R. 164.
 

 In Ponder v. Graham, 4 Fla. 23, this Court, quoting from an authority not now available to us, announced the eon
 
 *1149
 
 elusion that upon principle and authority it is competent for the executor, representing as he does the interest of distributees and creditors of the estate of a decedent, to impeach the validity of the latter’s marriage to the petitioner seeking an allotment of dower as his widow. In that case the petition was filed in the Circuit Court. The executor filed his plea-of
 
 “ne unques accouple en loyal matrimonie,”
 
 which is a plea denying the validity of the marriage of the demandant with the person of whose lands she claims to be endowed and was available to a tenant in an action of dower, 2 Abbott’s Law Dictionary.
 

 In the Ponder ease,
 
 supra,
 
 the plea was recognized as a valid one to be interposed by the executor of the will of a deceased person of whose lands and personal property the claimant alleged herself to be endowed. In the Ponder case the practice followed was a trial by jury. Neither the constitutions nor statutes since the year 1851 when the Ponder case was tried have altered or modified the dower fights of a widow or the process by which dower is allotted.
 

 In 1889, when the Henderson-Chaires case,
 
 supra,
 
 was decided this Court, speaking through Mr. Chief Justice Maxwell, said:
 

 “This summary proeeéding is a substitute for the common law writ to .obtain dower, and was intended to relieve the widow of the delay and cumbrous machinery of that law. It is a proceeding at law, and therefore appropriate to a court of law, as distinguished from a court of chancery. The Supreme Court of the United States so held in Parish v. Ellis, 16 Peters 451, where it refused to entertain an appeal growing out of a case founded on this statute, because writ of error, and not appeal, according to the practice of that court, was the proper mode of bringing before it a case at law. Looking to the Constitution of 1868, it will be found that
 
 *1150
 
 Circuit Courts were invested with- original jurisdiction ‘in all cases at law in which the demand or value of the property involved exceeds one hundred dollars. ’ Under this we think it beyond doubt that the jurisdiction given to the Circuit Courts by the statute is fully sustained and perpetuated. ’ ’
 

 In another part of the learned opinion the Court said:
 

 “In this State, so far as we are advised, there has never been any decision as to the proper practice under the statute; but we think the uniform course, upon filing a petition for dower, has been to give notice only to the executors or administrators, and that the courts have proceeded to act in the ease with no other parties before them. Such a course under a law enacted more than sixty years ago would seem to give it a practical construction that allows the dower to be adjudged as between the claimant and the deceased husband’s representatives without reference to other parties; and as between such claimant and representatives, there would certainly have to be a decision upon the right to dower, else the statute bore the weakness of arraying parties against each other before the court, while the court was left powerless to entertain any contest on the questions presented. Suppose a question should arise as to whether there had been a marriage, it can hardly be contended that the court’ is not empowered to try that question. ’ ’
 

 In the case of Shipp v. Snyder, 121 Mo. 155, 25 So. W. R. 900, the Supreme Court of that State said: “A suit for dower is an action at law in which the parties, are entitled to a jury to pass upon the questions of fact. If they choose, they may waive this right and submit the questions of fact
 
 *1151
 
 to the court.” In thát case the parties waived the jury and submitted the questions of fact to the court.
 

 In the case of Parish v. Ellis, 16 Pet. (U. S.) 451, 10 L. Ed. 1028, a cause originating in this State, the Supreme Court of the United States definitely recognized the proceeding in this State as one at law. That the proceeding is obviously not according to thé principles or established practice of courts of equity and was not intended to be such was said by Chief Justice Taney speaking for the court.
 

 Section 5501, Comp. Gen. Laws, 1927 (3637 Rev. Gen. Stats., 1920) which provides that the proceedings upon the petition shall be in a summary way and the court shall at the day fixed in the notice proceed to hear and determine as it shall seem just and right, was a part of the Act of 1828 and was in force when the case of Ponder v. Graham,
 
 supra,
 
 was decided. The section refers to the proceeding in the matter of the allotment of dower and has no application when the issue of a marriage
 
 vel non
 
 is introduced by plea.
 

 In those jurisdictions where the proceeding was in equity the practice obtained that where the legal right to dower was denied by defendant, special issues were made up and certified to the law courts for adjudication or a jury would be called and the matters involved in the special issues would be submitted to them. 7 Stan. Ency. of Proc. 879.
 

 In this State, however, the proceeding is essentially one at law. The statute making provision for a summary .allotment of the dower. As the widow, the petitioner has a vested right, cast upon her by the law. A denial of her marriage is a denial of her property rights and she is entitled to damages for the detention of her dower. Such is the English practice. See 19 C. J. 572; 7 Stan. Ency. of Proc. 879 n.
 

 
 *1152
 
 The court erred in denying the petitioner a trial by jury upon the question of her marriage to the deceased testator.
 

 The judgment of the trial court is reversed with directions to submit the issue presented by the pleas to a trial by jury.
 

 Terrell, C. J., and Brown, J., concur.
 

 Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.