## In re PRIMICERIO'S ESTATE.

County Judge's Court, Palm Beach County.

November 19, 1954.

A. R. Roebuck, West Palm Beach, for petitioner.

Ronald J. Fruda, West Palm Beach, for respondent.

RICHARD P. ROBBINS, County Judge.

This cause came before me on the petition of the administratrix for an order dismissing a petition by the widow of the deceased for the assignment of dower.

Among other things, the administratrix alleges that she believes the widow executed a release of dower in the estate during the lifetime of the deceased—but no attempt to sustain this ground by proof has been made.

The principal ground for refusing to allow dower is alleged to be that the widow did not make her home with the decedent after the year 1946, and this fact has been admitted.

It is to be noted that the third paragraph of decedent's will provides as follows—"Because my wife has been estranged from me for a number of years and because of a lawsuit now pending against her, I have made no provision for my wife and it is my intention that she receive nothing from my estate."

Under the laws of this state a widow's statutory dower rights in her husband's property are not derived through him but by provisions of law which are superior to his will. Catlett v. Chestnut (Fla.), 131 So. 120; Herzog v. Trust Co. of Easton (Fla.), 64 So. 426, Ann. Cas. 1917A, 201 Note; Godwin v. King (Fla.), 13 So. 108.

It is not alleged in the petition that the widow was willingly living apart from her husband or that she committed adultery after she left him—nor has any evidence to that effect been produced.

In Henderson v. Chaires, 6 So. 164 at page 166, our Supreme Court said that both of these elements must be shown to make a case barring dower under the Statute of Westminister 2 (13 Edw. 1,c. 34), and this statute, according to Redfearn on Wills and Administration of Estates in Florida, 2d ed., page 429, is a part of the law of this state.

The petition of the administratrix is denied.