On motion to dismiss, allowed July 21, 1914.

## DAVIDSON *v.* ALMEDA MINES CO.

(142 Pac. 778.)·

**Appeal and Error—Decisions Reviewable—Order Relating to New Trial.**

Where an order granting a new trial was modified by making the grant of new trial conditional on the tender by defendant to plaintiff of $1,500 within 10 days, an order refusing to set aside the modifying order is not appealable.

From Multnomah: JOHN P. KAVANAUGH, Judge.

In Banc.   Statement PER CURIAM.

This is an action by W. E. Davidson against the Almeda Consolidated Mines Company. The facts are as follows:

On the 31st day of March, 1913, a new trial was granted to the defendant in the Circuit Court for Multnomah County, setting aside a judgment in favor of the plaintiff. On October 14th of the same year the court made an order modifying the order granting the new trial by providing that, unless the defendant should tender the plaintiff $1,500 within 10 days, the new trial would be denied. This order was not entered on that date, but was made effective on the 13th of November, by a *nunc pro tunc* order duly entered. On the 25th of October, and after the order of modification had been made, but before it had been entered, the parties by their attorneys made a written stipulation, which was filed in the case, extending the time of the defendant to make the tender of $1,500. On November 12th T. S. Burley, styling himself receiver of defendant company, filed a motion to set aside the order modifying the order of March 31st and to grant the new trial unconditionally. On the 16th of Febru-

ary, 1914, this motion was denied, and from this order said Burley has filed his appeal, which it is now moved to dismiss.                    MOTION ALLOWED.

*Mr. A. E. Clark* and *Messrs. Collier & Collier,* for the motion.

*Mr. L. E. Crouch* and *Mr. Schuyler C. Spencer, contra.*

Opinion PER CURIAM.

By an unbroken line of authorities this court has held that the denial of a motion for a new trial is not an appealable order, and the same rule applied to orders granting a new trial until the amendment of 1907, expressly making an order allowing a new trial from which an appeal could be taken. In the case of *Oldland* v. *Oregon Coal & Navigation Co.,* 55 Or. 340 (99 Pac. 423, 102 Pac. 596), Mr. Chief Justice MOORE speaking for the court, said this amendment limited appeals to an order granting a new trial, and that rule would not be extended. In *Stark* v. *Epler,* 59 Or. 263 (117 Pac. 278), this court, through Mr. Justice BURNETT, said:

"The defendants also urge that the court erred in overruling their motion for a new trial, but, as said by Mr. Justice MOORE in *First Nat. Bank* v. *McCullough,* 50 Or. 508, 515 [93 Pac. 366, 369, 126 Am. St. Rep. 758, 17 L. R. A. (N. S.) 1105], 'the rule is settled in this state that the action of a court in granting or denying a motion for a new trial is not a final order from which an appeal lies. This principle has so often been announced that it is unnecessary to cite the cases which uphold the doctrine.' The doctrine of that case * * is not disturbed by Section 548, L. O. L., as to orders denying new trials, * * and does not refer to refusals to rehear any case."

The order from which this appeal is taken is not an appealable one, and the motion to dismiss must be sustained.                    APPEAL DISMISSED.