Argued March 16, affirmed March 21, 1916.

## PURDY *v.* WINTERS' ESTATE.

(156 Pac. 285.)

**Judgment—Conclusiveness—Fraud.**

1.  The judgment or decree of a court having jurisdiction of the parties and subject matter cannot be attacked for fraud outside the record by the parties or their privies.

**Judgment—"Collateral Attack"—Action for Damages.**

2.  An action for damages by defendant in a former suit on the ground that the former complainant procured the decree by fraud and imposition of the court is a collateral attack which cannot be sustained, since a "collateral attack" is any proceeding not instituted for the express purpose of annulling, correcting or modifying the judgment or decree.

> [As to what is direct, as distinguished from collateral attack of judgment, see note in Ann. Cas. 1914B, 82.]

From Multnomah: HENRY E. McGINN, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

This is an action by Will E. Purdy against the estate of H. D. Winters, deceased, Agnes Butts (now Agnes Hecker), as administratrix of the estate of H. D. Winters, deceased; C. M. Idleman and Agnes Hecker, formerly Agnes Butts, for damages.   The complaint, which is quite voluminous, recites a portion of the proceedings in a certain suit to quiet title wherein Agnes Butts (now Agnes Hecker) was plaintiff and Will E. Purdy, plaintiff herein, was defendant; that said suit

was decided adversely to Purdy, was appealed to this court, and the decree of the trial court affirmed: *Butts v. Purdy*, 63 Or. 150 (125 Pac. 313, 127 Pac. 25). It reiterates his ownership and right of possession in the property then in litigation, and that said property is of the reasonable value of $100,000. Then follow allegations to the effect that Agnes Butts procured letters of administration of the estate of H. D. Winters, deceased, by the fraud and deceit of herself and her attorney; that during the trial of the suit above mentioned she and her attorney, defendant Idleman, connived, confederated and conspired with others in various particulars with reference to the introduction of evidence, the suppression of evidence, and the creation of a false atmosphere of deceit and fraud in regard to his own actions and reputation, whereby the trial court and this court were misled and deceived into rendering an unrighteous decree, which deprived him of property which was rightfully his; and that he was thereby damaged in the extent of the value of the property, to wit, $100,000, for which he demands judgment. Demurrers were filed and by the trial court sustained. The plaintiff having elected to stand upon his complaint, a judgment of dismissal was entered, from which this appeal is taken.             AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Will E. Purdy, in pro. per.*

For respondents there was a brief and an oral argument by *Mr. John P. Winter.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. There is but one question presented, and that is as to the sufficiency of the complaint. It is obvious

that the plaintiff's right to recover is based entirely upon the theory that the decree in the suit of *Butts* v. *Purdy, supra,* was erroneous and unjust. It is clearly an attack upon the determination of that suit. The principle is so thoroughly established as to require no citation of authorities that a decree of a court having jurisdiction of the parties and subject matter cannot be attacked for fraud *aliunde* the record by the parties or privies.

2. All the questions which can possibly be suggested herein have been conclusively settled in this state by the able opinion of Mr. Justice BEAN in the case of *Morrill* v. *Morrill & Killen,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155), which has been followed and approved by the court many times, wherein it is said that:

"A collateral attack on a judgment is any proceeding which is not instituted for the express purpose of annulling, correcting or modifying such decree."

Applying this test to the case at bar, it is perfectly clear that it constitutes a collateral attack, and again quoting from the same authority:

"We need not pursue the examination of this question any further; for the principle is so well settled that it is said to be an axiom of the law that, when a court has jurisdiction of the subject matter and the parties, its judgments cannot be impeached collaterally for errors of law or irregularity in practice."

It follows that the judgment should be affirmed, and it is so ordered.                               AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.