Motion to dismiss appeal allowed October 27, 1916.
Rehearing on motion to dismiss appeal argued July 10, opinion dismissing appeal sustained July 17, 1917.

## PURDY v. WINTERS' ESTATE.

(159 Pac. 1091; 166 Pac. 536.)

### ON REHEARING.

**Appeal and Error—Decisions Reviewable—Order Relating to New Trial.**

1. Where a final decree was entered dismissing a suit with prejudice, a motion subsequently filed to set aside such decree and asking for an order changing venue, amounted to a motion for a new trial, and an order denying such motion was not appealable, and motion to dismiss an appeal therefrom will be sustained.

From Multnomah: HENRY E. McGINN, Judge.

On motion to dismiss appeal.    Motion allowed.    Appeal dismissed.

*Mr. Cicero M. Idleman* and *Mr. John P. Winter,* for the motion.

*Mr. Will E. Purdy, propria persona, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to dismiss an appeal.    A judgment in a former action between these parties, rendered in favor of the defendants, was affirmed on appeal: *Purdy* v. *Winters' Estate,* 79 Or. 614 (156 Pac. 285). When the mandate went down the plaintiff commenced another action wherein the complaint set forth substantially the charges made in the former action.    A demurrer to the complaint herein was sustained and the action dismissed without prejudice, from which latter judgment the plaintiff again appeals.    Believing that the questions here involved have been fully litigated and finally determined by this court, the appeal should be dismissed and it is so ordered.    DISMISSED.

---

Former opinion sustained on rehearing July 17, 1917.

ON REHEARING.

(166 Pac. 536.)

Appeal dismissed October 27, 1916.    Rehearing allowed on motion to dismiss appeal.    Former opinion sustained on rehearing.    APPEAL DISMISSED.

*Mr. J. P. Winters* and *Mr. C. M. Idleman,* for the motion.

*Mr. Will E. Purdy, propria persona, contra.*

In Banc.   MR. JUSTICE HARRIS delivered the opinion of the court.

1. After the death of H. D. Winters which occurred on June 20, 1911, W. E. Purdy claimed to be the owner of certain lands owned by Winters in his lifetime. Purdy based his claim upon an instrument which he asserted was a deed that Winters had made and delivered to him on May 1, 1909. This instrument has been the subject of litigation in one suit, and it has been a theme for discussion in two actions prior to the instant proceeding.   In *Butts* v. *Purdy,* 63 Or. 150 (125 Pac. 313, 127 Pac. 25), this court affirmed the Circuit Court and held that the alleged deed was fraudulent and void.   In *State* v. *Butts,* 78 Or. 173 (151 Pac. 722), an escheat proceeding in which Purdy asserted ownership in reliance upon the alleged deed, a jury rendered a verdict adverse to Purdy; and it may be noted in passing that this court speaking through Mr. Justice BEAN suggested that:

"The real purpose of the defendant Purdy appears to have been to obtain a new trial of the issues in the case of *Butts* v. *Purdy,* 63 Or. 150 (125 Pac. 313, 127 Pac. 25), which have been heretofore carefully and thoroughly considered and adjudicated."

In *Purdy* v. *Winters' Estate,* 79 Or. 614 (156 Pac. 285), we affirmed a judgment of the Circuit Court sustaining demurrers to the complaint in an action for damages brought by Purdy against the estate of H. D. Winters, deceased, and others; and Mr. Justice BENSON speaking for the court declared that the proceeding was clearly an attack upon the decree rendered in *Butts* v. *Purdy,* 63 Or. 150 (125 Pac. 313, 127 Pac. 25).   W. E. Purdy appeared in this suit as a litigant and for the fourth time he avers that he is the owner of the land, and again he attempts to support his claim of owner-

ship by relying on the alleged deed. Purdy began this suit on April 1, 1916, by filing a complaint praying that the alleged deed from H. D. Winters, deceased, be declared a valid deed; that Purdy be declared to be the owner of the property; and that the administratrix be restrained from interfering with Purdy, and that she account for the rents and profits received by her. On May 17, 1916, the Circuit Court dismissed the suit and entered the following decree:

"It appearing to the court from the complaint in this case that the charges made by Will E. Purdy against the defendants herein and others are but variations of charges which he has formerly made against others, which charges the supreme court of the state of Oregon has said was an attempt to alter the decision of the supreme court of Oregon in the case of Will E. Purdy v. Estate of H. D. Winters, Deceased, Agnes Butts (now Agnes Hecker), as administratrix of the estate of H. D. Winters, deceased, C. M. Idleman and Agnes Hecker, formerly Agnes Butts;

"IT IS THEREFORE ORDERED, to the end that the record may be purged, that the case be and the same is hereby dismissed with prejudice."

On June 1, 1916, Purdy filed a motion which reads thus:

"Comes now the plaintiff, Will E. Purdy, and makes application for an order of this court setting aside a former order of Judge Henry E. McGinn in the dismissing of the above named suit. Plaintiff further asks for an order of the court changing the place of trial of the issues between the above named plaintiff and defendants to some other county and state."

Subsequently on June 28, 1916, the motion was denied and an order entered in the journal as follows:

"Now, at this time, this cause came on for argument upon the motion of said plaintiff to set aside a former order of the court dismissing the above action and also

an order for a change of venue, plaintiff appearing in his own proper person and on his own behalf, and after the court had read the said motion, and being sufficiently advised in the premises, the court denied said motion; and the plaintiff electing to stand on his said complaint and refusing to plead further;

"IT IS ORDERED, That this action be, and the same stands dismissed, and that defendants do have and recover of and from the plaintiff their costs and disbursements in this action allowed and taxed at $——, and that execution issue therefor.

"And the said plaintiff here and now gives notice of an appeal from the aforesaid judgment to the supreme court of the state of Oregon."

After the plaintiff filed a transcript, abstract of record and a printed brief, we dismissed the appeal on the motion of defendants: *Purdy* v. *Winters' Estate, ante,* p. 188 (159 Pac. 1091). Upon the petition of plaintiff, however, a rehearing was granted; and the question now presented arises on the motion of defendants to dismiss the appeal. The defendants contend that the order entered on June 28, 1916, is not an appealable order and that the only appealable order appearing in the record is the decree of dismissal which was rendered on May 17, 1916. The plaintiff argues that the order dated June 28, 1916, was an appealable order within the contemplation of the statute.

It will be observed that by the express terms of the order made on May 17, 1916, the case is "dismissed with prejudice"; and, manifestly, this is a decree of dismissal. It is a finality and is the end of the proceeding, unless it is made inoperative by a subsequent order setting it aside. A motion was made to set aside the decree of dismissal, but that motion was never allowed, and therefore the decree of dismissal was never rendered inoperative. By the act of filing the motion the plaintiff admitted the efficacy of the

decree of dismissal and recognized the fact that the decree of dismissal would continue to be a finality and an end of the suit unless the decree was set aside. The motion to vacate the decree was only heard; it was never allowed; and, consequently, the decree itself continued without interruption to be what it always had been,—a decree of dismissal. It is true that after reciting that the cause came on to be heard upon the motion to set aside the decree "dismissing the above action" the order of June 28th continues by reciting "that this action be and the same stands dismissed." A recital that a proceeding be and stands dismissed adds nothing to a previous decree of dismissal. To say that a proceeding is dismissed when it has already been dismissed is a superfluity and amounts to nothing. The motion filed by the plaintiff and acted upon by the court on June 28th, amounted to a motion for a new trial; and the order denying the motion to set aside the decree of dismissal was not an appealable order.

We cannot at this time consider the question as to whether the court was warranted in dismissing the suit. The only question for determination now is whether the plaintiff has appealed from an appealable order. He did not appeal from the decree of dismissal rendered on May 17th, which is the only appealable order appearing in the record; and since he did not appeal from that order, the motion to dismiss this appeal must be sustained. An unbroken line of authorities sustain this conclusion and to deny the motion to dismiss this appeal would be to ignore every precedent where the court has spoken upon the subject: *Stark* v. *Epler,* 59 Or. 262, 268 (117 Pac. 276); *Macartney* v. *Shipherd,* 60 Or. 133, 135, 140 (117 Pac. 814, Ann. Cas. 1913D, 1257); *Gearin* v. *Portland R. L.*

& P. Co., 62 Or. 162 (124 Pac. 256); *Davidson* v. *Almeda Mines Co.*, 71 Or. 516, 517 (142 Pac. 778). The motion to dismiss the appeal is allowed. ·

FORMER OPINION SUSTAINED. APPEAL DISMISSED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE BEAN not sitting.