ETHELYN GARSED, a single woman, *Plaintiff in Error*, v. WILLIAM SUGARMAN, LOUIS KARASIK, and R. P. BEAM, *Defendants in Error*.

Division A.

Opinion filed January 28, 1930.

*James M. Carson* and *Winifred B. Judge,* for Plaintiff in Error;

*Robert J. Boone,* for Defendant in Error.

TERRELL, C. J.—The declaration herein is embraced in three counts. The first count is predicated on malicious prosecution, the second count on an action of conspiracy, and the third count on a conspiracy to exact money by means of threats to accuse and prosecute for crime. A demurrer to the declaration was sustained and final judgment was entered. Writ of error was prosecuted from that final judgment.

The sole question presented here for our consideration is whether or not the declaration states a cause of action.

The briefs of counsel and the record raise some very interesting questions on various legal aspects of conspiracy

particularly as to whether or not under the law of this State it is both a civil and criminal offense. In its inception, though limited in nature, it was a civil wrong and a criminal offense. Our statute, Section 5400, Rev. Gen. Stats. of 1920 (Section 7541, Comp. Gen. Laws of 1927) defines conspiracy and materially enlarges its scope as a crime over the common law conception of the act but it does not attempt to modify or abrogate its civil aspect. It would seem, therefore, if a conspiracy as contemplated under our statute is conceived and executed and a private injury results the one so injured would have a right of action against the conspirators. Quinn v. Leathern (1901) A. C. 495 appears to be the leading case on the question. See also the ''Law of Conspiracy'' by Harrison, a splendid monograph treating the subject of civil and criminal conspiracy. We do not undertake to set out such facts or circumstances as would constitute conspiracy in any of its phases. The facts in the particular case determine this.

This cause is reversed on authority of Cummings Machine Works v. J. D. Clarke and J. A. Johnson, 89 Fla. 383, 105 So. R. 100, 116 So. R. 72, 870.

Reversed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.