ADDIE IRENE CATLETT, *Paintiff in Error,* v. CHARLES H. CHESTNUT, individually and as Executor of the Last Will of B. S. CATLETT, deceased, FLORENCE L. SKINNER, MARY E. ANSLEY, DeWITT T. GRAY, and WALTER J. BRYSON, *Defendants in Error.*

146 So. 547.

En Banc.

Opinion filed February 27, 1933.

*W. M. Toomer* and *Charles A. Powers,* for Plaintiff in Error.

*Knight & Frazier, Knight, Adair, Cooper & Osborne, A. W. Cockrell, Jr.,* and *O. O. McCollum,* for Defendants in Error.

DAVIS, C. J.—The plaintiff sued the defendants, jointly and severally, for damages in an action on the case for alleged maliciously conspiring with each other to defeat, detain and cause to be withheld, the setting apart of plaintiff's asserted dower in the estate of one B. S. Catlett, deceased. The *ad damnum* was for general damages in the sum of one hundred and seventy-five thousand dollars. No special damages were alleged. Demurrers to the plaintiff's amended declaration were sustained and writ of error was thereafter taken to the judgment thereon rendered in defendants' favor.

The record shows that one of the defendants, DeWitt T. Gray, was sued with respect to certain things alleged to have been done by him as Circuit Judge in the course of

making final disposition of the case of Catlett v. Chestnut, in which case Judge Gray denied a jury trial to plaintiff. His ruling was reversed on appellate proceedings had in this Court. See Catlett v. Chestnut, 100 Fla. 1146, 131 Sou. Rep. 120.* In general the plaintiff attempted to set up in the declaration alleged "obstructions to justice" and the joint effort of the defendants to "prevent the due administration of the laws" in connection with judicial proceedings brought and pending in the Circuit Court seeking to *establish* plaintiff's right to dower, as well as the allotment of it. The fact that, at the time this suit was brought, the plaintiff's suit with respect to her claim for dower had not been finally terminated in her favor is not made to appear directly, but is inferentially disclosed by the declaration.

It is sufficient to say in affirming the judgment rendered in the present case, that the cited authority of Garsed v. Sugarman, 99 Fla. 191, 126 Sou. Rep. 157,† affords no basis for a suit like this against a Circuit Judge and others connected with pending litigation brought during the pendency of the suit, and attempted to be maintained while the legal controversy concerning plaintiff's rights is yet not finally adjudicated.

Public policy, and the safe administration of justice, require that Circuit Judges, witnesses and parties to pending legal controversies, be privileged against any restraint sought to be imposed upon them by suits for damages brought against them for alleged conspiracies charged against them concerning the subject matter of pending litigation, the effect of the trial of which actions for con-

---

*See also the second appearance of the case in this Court—Catlett v. Chestnut, 107 Fla. 498, 146 Sou. Rep. 241.

†This case was followed with approval in Harford v. Graves 102 Fla. 835, 136 Sou. Rep. 620.

spiracy, will simply amount to a collateral re-trial of the plaintiff's pretended rights which it is alleged were intended, by means of the asserted conspiracy, to be defeated.

The foregoing rule is a necessary corollary to be deduced from the adjudicated cases in which it has been uniformly held, by both the English and American Courts, that an action at law for damages, against an adversary party or his witnesses, for allegedly procuring a verdict and judgment by fraud or perjury, cannot be maintained while such verdict and judgment remain in force. Dunlap v. Glidden, 31 Maine 435, 52 Am. Dec. 625; Stevens v. Rowe, 59 N. H. 578; Lyford v. Demerritt, 32 N. H. 234; Nicholson v. Nicholson, 113 Ind. 131, 15 N. E. 223.

Where the gravamen of an action is an asserted right to recover for damages done by a plaintiff's wrongful and malicious prosecution of a civil suit, without probable cause, for the purpose of oppressing the defendant, the suit is not to be considered false unless it has been defeated, or it is made to appear that it was deliberately brought for a larger sum than was known to be due, for the purpose of oppressing the defendant. Savage v. Brewer, 16 Pick. (Mass.) 453, 28 Am. Dec. 255. Therefore while a *judgment* in such cases remains unreversed, it is conclusive upon the parties in every respect, and cannot be impeached, directly or collaterally. Skinner v. Moore, 2nd Dev. & Bat. L. (N. C.) 138, 30 Am. Dec. 155.

Such being the law with respect to the right of recovery of damages, by those who exhibit actual judgments against themselves, as a basis for obtaining damages on the allegation that such judgments have been unjustly obtained through alleged conspiracies and acts of fraud, by the successful party, we think the same underlying legal principle holds good in those cases where, though no actual final judgment has been entered but the suit is still pending, the

gravamen of the suit brought, is a claim that the defendants being sued have during the course of litigation, confederated and conspired together to procure entry of judgment in their favor, or to forestall a recovery by the plaintiff in a pending suit.

Such suits are deemed actions on the case, in the nature of actions for conspiracy at common law. And to successfully maintain such actions, if they are maintainable at all (a proposition which is here left undecided) it must at least be made to appear in the complaining party's declaration, that the plaintiff has been successful in the litigation, to thwart which the conspiracy charged was allegedly entered into, for the purpose of hindering the due administration of justice, by adversely influencing the success of the litigation to the plaintiff's detriment. 3 Blackstone Com. 126; Dunlap v. Glidden, *supra*.

But considered independently of the question of public policy here involved, and looking at the present case as one solely charging a conspiracy against the individuals named, for acts done in their private and personal capacities, and not as parties and others interested in the conduct of pending litigation, the amended declaration, as well as the original declaration, failed to meet the test laid down in Garsed v. Sugarman, *supra,* where this Court held that it was the "private injury" resulting from a conspiracy conceived and executed that gave rise to a right of action against the conspirators. This means that the character and extent of the "private injury" resulting from the alleged conspiracy must be pleaded by the complaining party, in order to bring his case within the rule that gives him the right to have an action to redress the same. It is not to be presumed that a mere conspiracy *per se* has resulted in civil damages. If it has, that fact must be pleaded in the declaration in order to make a good cause of action against demurrer.

The judgment for defendants on the demurrers filed to the declaration should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., and JOHNSON, Circuit Judge, concur.