[Civ. No. 10478. First Appellate District, Division One.—June 8, 1938.]

EUGENIO GERINI et al., Appellants, v. PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation) et al., Respondents.

Fletcher A. Cutler for Appellants.

Bronson, Bronson & McKinnon for Respondents.

GRAY, J., *pro tem.*—Plaintiffs took separate appeals from two judgments entered in the above-entitled cause in favor of the defendants, Pacific Employers Insurance Company and Andriano Ramazzotti, after demurrers to the second amended complaint had been sustained without leave to amend.

The action was for the recovery of damages plaintiffs claimed to have suffered as the result of an alleged fraudulent conspiracy between the defendants. The appeals are presented on separate records, but involve the same question; and therefore both appeals may be disposed of in one opinion. The question is: Does the complaint state a cause of action? The following are the material facts alleged therein: Plaintiffs' minor son, while riding in an automobile owned and operated by Ramazzotti, received fatal injuries by reason of the latter's negligence. Ramazzotti was insured against liability for personal injuries caused by his operation of his automobile. Defendants unlawfully and maliciously conspired to defraud plaintiffs by preventing them from commencing in the superior court an action to recover damages for the wrongful death of their son, as authorized by section

376 of the Code of Civil Procedure. Plaintiffs and Ramazzotti were Italians and intimate friends of long standing; and plaintiffs were unable to read, speak or understand the English language, while Ramazzotti was experienced in business and legal matters, of which they were ignorant. Plaintiffs were accustomed to consult him on their private affairs and to rely upon his advice. Upon their son's death he informed them that he was insured; that in order for them to collect thereon it would be necessary to take proceedings before the Industrial Accident Commission and that the defendants would represent and protect them therein. In furtherance of the conspiracy, defendants filed with the commission an application for adjustment of compensation for the son's death, in which they, with knowledge of its falsity, represented that he, when injured, was Ramazzotti's employee, and induced plaintiffs, by answer, to submit their claim to the commission, and withheld and concealed from the commission evidence establishing that the son was not so employed. As a result of the conspiracy, the commission found that the son was Ramazzotti's employee and awarded plaintiffs the expenses of his burial. This award prevented them from suing Ramazzotti in the superior court.

■ If their son was Ramazzotti's employee, plaintiffs were not entitled to damages under section 376 of the Code of Civil Procedure, since the Workmen's Compensation Act, by its express terms, provided their exclusive remedy. (*Treat* v. *Los Angeles etc. Corp.*, 82 Cal. App. 610 [256 Pac. 447].) The commission's finding was a final and conclusive determination of the fact of the son's employment. (*Williams* v. *Southern Pac. Co.*, 54 Cal. App. 571 [202 Pac. 356].) Such finding, therefore, barred plaintiffs from a recovery of damages under said section 376. ■ When the defendant Ramazzotti voluntarily advised the plaintiffs as to the procedure necessary for them to follow in order to collect on the insurance and promised to represent and protect them before the commission, the law imposed upon him the positive duty of fully and fairly divulging all information in his possession which would show the true relationship between the son and himself. His concealment of the facts as to such relationship was a fraud upon plaintiffs. (*Kimball* v. *Pacific Gas & Elec. Co.*, 220 Cal. 203 [30 Pac. (2d) 39].) The allegation of a conspiracy between the defendants connects

the Pacific Employers Insurance Company with the fraud of Ramazzotti and makes it jointly liable therefor. (*Revert* v. *Hesse*, 184 Cal. 295 [193 Pac. 943].)

Plaintiffs argue that defendants' fraud in procuring the commission's finding of employment, by which they were prevented from commencing in the superior court an action for damages under said section 376, gave rise to a new cause of action in their favor. Since fraud, without damage, is not actionable, plaintiffs, as an essential part of their case, would be required to prove that they had a right to damages under such section of which the finding deprived them. (12 Cal. Jur., p. 813.) But, as above pointed out, if their son was Ramazzotti's employee when injured, they never possessed such right. Therefore plaintiffs would be forced to re-litigate in this action the issue of his employment, in order to prove the falsity of the finding. To do so constitutes a collateral attack on the finding, which the law does not permit. (*Giffen* v. *Christ's Church*, 48 Cal. App. 151 [191 Pac. 718].) For this reason, an action at law for damages against an adversary party for allegedly procuring a judgment by fraud or perjury cannot be maintained while such judgment remains in force. (*Catlett* v. *Chestnut*, 108 Fla. 475 [146 So. 547]; Freeman on Judgments, 5th ed., vol. 2, p. 1662.) Suborning of witnesses to swear falsely against a defendant in a criminal prosecution does not constitute a cause of action by him for damages. (*Taylor* v. *Bidwell*, 65 Cal. App. 489 [4 Pac. 491].) Allegations that defendant procured a patent to land by means of perjured testimony and intimidation of witnesses fails to state a cause of action for a declaration of trust. (*Cragie* v. *Roberts*, 6 Cal. App. 309 [92 Pac. 97].) Complaints proceeding upon the same theory as the present one and containing similar allegations have each been held to involve a collateral attack upon a judgment and therefore not to state a cause of action. (*Morris* v. *Travelers Ins. Co.*, 189 Fed. 211; *Hall* v. *Hall*, 91 Conn. 514 [100 Atl. 441]; *Shultz* v. *Shultz*, 136 Ind. 323 [36 N. E. 126, 43 Am. St. Rep. 320]; *Purdy* v. *Winters' Estate*, 79 Or. 614 [156 Pac. 285]; *Smith* v. *Abbott*, 40 Me. 442; *White* v. *Merritt*, 7 N. Y. 352 [57 Am. Dec. 527].) We conclude, therefore, that under the authorities cited, the trial court properly sustained the demurrers without leave to amend and entered judgments in favor of the defendants.

It is ordered, therefore, that the judgment involved in the present appeal, in favor of the defendant Pacific Employers Insurance Company be and the same is hereby affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 4, 1938.