This cause is before the Court on an appeal from a final judgment for the defendants-appellees entered by the Circuit Court of Dade County, Florida, upon the entry of an order sustaining a demurrer directed to plaintiff-appellant's declaration consisting of a single count in which the defendants were charged with: (1) the tort of interference with a valid contract; (2) the tort of conspiracy; and (3) the tort of deceit.
Pertinent parts of the declaration are viz: "Prior to the first day of July, 1946, the plaintiff had been employed by a valid contract to effect the sale of certain hotels, which were part of the so-called Colonial chain, said hotels being the Miami Colonial of Miami, Florida; the William Penn of Miami Beach, Florida; Plaza Hotel of Houston, Texas; Orange Court Hotel of Orlando, Florida; and the Fort Sumpter of Charleston, South Carolina; for an agreed commission of $150,000.00; that each of the defendants knew of the said contract agreement and of the amount of the commission which was to be payable to the plaintiff; that in pursuance of said contract the plaintiff did a great deal of work in connection therewith, took many trips and expended large sums of money; that, for the malicious purpose of depriving the plaintiff of his commissions, the defendants, acting jointly, arranged for the sale of said properties to Jefferson Standard Life Insurance Company, a corporation, one of the defendants herein; that such conduct amounted to interference between an agreed contract of sale between the plaintiff and the owners of the property and the prospective purchasers thereof, who were Harvey Tucker and Tommy Tucker, defendants in this cause; that the method of said interference was this, to-wit: that the said property was sold to the Jefferson Standard Life Insurance Company, a defendant as aforesaid, which took title thereto in its own name, and that thereafter, with the full knowledge and consent and agreement of all of the defendants, for the malicious purpose of depriving the plaintiff of his commission as aforesaid, the plaintiff was induced to and did give a release to the owners of the property, for the sum of $20,000.00; that thereafter the defendant, Jefferson Standard Life Insurance Company, acting with *Page 167 
full knowledge of all of the defendants herein, and as a part of a preconceived plan, did convey the said property to the Southern Hotel Corporation; that on, to-wit: September 7, 1946, the plaintiff released the defendant, Jefferson Standard Life Insurance Company and others, from any claim, demands or liabilities in law or in equity, and did release the parties to said release from any and all liability to him or any claim of liability for commission or other compensation on account of the purchase and sale of stock in certain named corporation; that a copy of said release is hereto attached and made a part hereof, marked Plaintiff's Exhibit `A', and made a part hereof to the same extent as if fully set out herein; that the execution and delivery of said release was falsely and fraudulently obtained in this, to-wit: that the said defendants and all of them, falsely, wrongfully, willfully and maliciously represented to the plaintiff, that the sale of said property was not to a purchaser procured by the plaintiff, and that the said agreed purchasers, to-wit: Harvey Tucker and Tommy Tucker, defendants herein, were not the purchasers of said hotels, or the stock in said corporations, whereas, in truth and in fact, the said Jefferson Life Insurance Company, a corporation, defendant herein, was merely a conduit through which the title to the said stock and hotels was transferred to the said Southern Hotel Corporation, and that the majority stockholders thereof were the said Harvey Tucker and Tommy Tucker, defendants herein; that as a consideration for said release, the plaintiff received $20,000.00 in cash, but that there remained due and unpaid to him on account of commissions earned by him as aforesaid, the sum of $130,000.00, and the said defendants acting jointly in a conspiracy to defraud the plaintiff, did succeed in said fraud to the extent of the said sum of $130,000.00 which became due before said September 7, 1946, and that as a direct result of the malicious, wrongful and wilful interference of the defendants and each of them, acting together, with the contract between the owners of said hotels and stock in said corporation, the plaintiff was wrongfully deprived of the said sum of $130,000.00, which was already earned by him and due to him by the persons released under the said release contract."
It is established law in this jurisdiction that interference with any contract amounts to a tort. In such cases, the injured party has an action against the party in default upon the contract, but he is not limited thereto — he may maintain an action against the wrongdoer who induced such breach. Chipley v. Atkinson, 23 Fla. 206, 1 So. 934, 11 Am.St.Rep. 367; Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 So. 209; Harvey Corp. v. Universal Equipment Co., 158 Fla. 644, 29 So.2d 700; Williams v. Dr. P. Phillips Sons, Inc., Fla., 33 So.2d 637. See 30 Am.Jur. 84-92; Sorenson v. Chevrolet Motor Co., 171 Minn. 260,214 N.W. 754, 84 A.L.R. 35, and annotations.
We are committed to the rule that the test of the sufficiency of a declaration is whether it alleges distinctly every fact essential to the plaintiff's right of action, such facts are to be characterized by certainty, clearness and conciseness, so that the material issues may be determined quickly and with certainty, and that the defendant may be apprised of the charge against him with that degree of clearness and definiteness as will enable him to prepare his defense properly. Ballas v. Lake Weir Light 
Water Co., 100 Fla. 913, 130 So. 421, and similar cases.
Counsel for appellees contend that the declaration is fatally defective in not alleging (a) the plaintiff-appellant was a registered real estate broker; (b) the plaintiff had a valid and enforceable contract for a realtor's commission; (c) the plaintiff's alleged contract should be set out in extensio; the names of the parties to the contract; (e) when the contract was made and whether it was oral or written; (f) what performance was required in order to earn the commission; (g) the terms, stipulations and provisions of the alleged contract; (h) other defects in the contract are alleged and argued in support of the ruling below. Chapter 475, F.S.A., is the applicable law to licensed realtor. Section *Page 168 475.41, F.S.A., provides that no contract for a commission or compensation for any act or service * * * shall be valid unless the broker or salesman has fully complied with the several provisions of Chapter 475, supra.
The declaration alleged, "prior to the first day of July, 1946, the plaintiff had been employed by a valid contract to effect the sale of certain hotels, which were a part of the so-called Colonial chain, said hotels being the Miami Colonial of Miami, Florida; the William Penn of Miami Beach, Florida; Plaza Hotel of Houston, Texas; Orange Court Hotel of Orlando, Florida, and the Fort Sumpter Hotel of Charleston, South Carolina; for an agreed commission of $150,000.00; that each of the defendants knew of said contract agreement and the amount of the commission which was to be payable to the plaintiff; that in pursuance of said contract the plaintiff did a great deal of work in connection therewith, which took many trips and expended large sums of money; * * *" It is our view that the plaintiff, under the allegations, supra, may adduce evidence to establish the many essentials of a valid contract as recognized by our adjudications, coupled with the additional requirements set out under Chapter 475, supra. The allegation, "a valid contract", comprehends all and is the equivalent of the many contentions enumerated and argued herein under (a) to (h), inclusive, supra.
The sole question involved in the case of Garsed v. Sugarman,99 Fla. 191, 126 So. 157, like the case at bar, was the sufficiency of the declaration to state a cause of action. The Garsed case embraced three separate counts of a declaration. The first count charged malicious prosecution; the second alleged an action of conspiracy, while the third charged a conspiracy to exact money by means of threats to accuse and prosecute for crime. We held the allegations of a conspiracy as set out in counts two and three were sufficient. The sufficiency of the allegations of a declaration charging defendants with a conspiracy was considered in Hunter Lyon, Inc. v. Walker,152 Fla. 61, 11 So.2d 176. See Dr. P. Phillips Sons v. Kilgore,152 Fla. 578, 12 So.2d 465, and similar cases. The defendants-appellees did not present or obtain a ruling on motion to strike or for compulsory amendment, as authorized by Section 50.21, F.S.A. We hold the allegations of conspiracy, under our adjudications supra, legally sufficient.
The case of Mizell v. Upchurch, 46 Fla. 443, 35 So. 9, involved the sufficiency of a declaration charging deceit and misrepresentation. We held the allegations thereof sufficient when it charged (1) that the defendant made some representation to the plaintiff, meaning that he should act upon it; (2) that such representation was false, and that the defendant, when he made it, knew it was false; and (3) that the plaintiff, believing such representation to be true, acted upon it, and was injured thereby. See Joiner v. McCullers, 158 Fla. 562, 28 So.2d 823. The allegations of deceit appearing in the declaration meet the requirements of our rule as enunciated in Mizell v. Upchurch, supra. It is our conclusion that the declaration does not wholly fail to state a cause of action and the final judgment for defendants-appellees entered on demurrer in the court below should be reversed.