97 So.2d 324 (1957)
Mary C. REGAN, Appellant,
v.
Sarah Lee Thompson DAVIS et al., Appellees.
No. 11.
District Court of Appeal of Florida. Second District.
October 11, 1957.
*325 Parkinson & Sessions, Daytona Beach, for appellant.
Coles, Himes & Germany, Tampa, for appellees Mertz, LaVoy and Davis.
Richard W. Ervin, Atty. Gen., for appellee Bob Gates.
Bogue & Harris, St. Petersburg, for appellee Betty Zentgraf.
McClure & Turville, St. Petersburg, for appellee Christian.
ALLEN, Judge.
Mary C. Regan filed a complaint in Hillsborough County charging the several defendants with maliciously and willfully conspiring together to defame her and to cause her to lose her position as a speech therapist, which deprived her of the opportunity of making a livelihood in her profession. Motions were filed by all of the defendants to dismiss the complaint on the ground, among others, that it failed to state a cause of action. Defendant, Davis who was served in Walton County, claimed lack of jurisdiction of the Court over her as an additional basis for dismissal. The trial judge dismissed the complaint with leave to amend as to all of the defendants except Davis. He dismissed the complaint as to Davis for lack of jurisdiction. Plaintiff declined to amend, whereupon the trial judge entered a final judgment for the defendants.
The order of the trial judge does not show the basis for his order refusing to permit the plaintiff to amend the complaint as against the defendant, Davis, nor does the record show the basis of the court's holding that it had no jurisdiction as to Davis. We note, however, that in the Brief of the attorneys for Sarah Lee Thompson Davis, page 14, under Question No. 2, stated as being:
"Whether or not the Court was correct in dismissing the complaint against the Appellee Sarah Lee Thompson Davis on the ground that it did not have jurisdiction.",
*326 they cite Rule 1.8(b) of the 1954 Florida Rules of Civil Procedure, 30 F.S.A., and italicize a portion of the same as follows:
"Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, or cross-claim, must state a cause of action, and must contain allegations of fact sufficient to show the jurisdiction of the court."
Defendant Davis' attorneys then state:
"The lower court found that there were not sufficient facts contained in appellant's complaint to justify jurisdiction over the appellee Sarah Lee Thompson Davis, and therefore, dismissed the cause as to the appellee Davis for lack of jurisdiction."
We will not further allude to the distinction made in the order between the defendant Davis, and the other defendants as to the right of the plaintiff to amend, since we conclude that the complaint stated a cause of action against all the defendants.
The complaint was apparently grounded on conspiracy to defame and we are of the impression that the able judge of the lower court so construed the action and concluded that it did not set out sufficient facts to show defamation, necessitating the dismissal of the complaint. We are inclined to agree with the lower court that the facts set forth in the complaint are insufficient for an action of defamation, but even if it be conceded that this is true, a question arises as to whether or not the complaint stated a cause of action on any ground. If so, the motions to dismiss should have been overruled.
We believe that the complaint states sufficient facts to state a cause of action against all of the defendants for conspiracy to interfere with her right to practice her profession as a speech therapist.
In 4 Florida Law and Practice, page 213, Conspiracy, III, Civil Liability, Section 5, Scope of action, it is stated:
"* * * a civil action will lie where any combination of two or more persons to commit an unlawful act, or to commit a lawful act by unlawful means, results in private injury."
It is then stated:
"As discussed in § 2, supra, an action of conspiracy lies for any combination to commit any offense. However, the scope of the action is much broader than this, for under the common law it includes combinations to commit crimes, torts or any other wrongs which cause private injuries to individuals.
"It may be said generally that a civil action will lie where any combination of two or more persons to commit an unlawful act, or to commit a lawful act by unlawful means, results in private injury. The Florida court has recognized conspiracy as a separate tort for which the person injured may sue all or any one or more of the conspirators."
In Loeb v. Geronemus, Fla. 1953, 66 So.2d 241, the Court held that the gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is alleged to have been done pursuant to the conspiracy.
In the case of Faulk v. Allen, Fla. 1943, 12 So.2d 109, 110, the Court held that in one count of the complaint it was charged, in effect, that two parties wrongfully and maliciously conspired with each other to procure the dismissal of plaintiff from his employment by complaining and falsely swearing to the Governor of Florida that plaintiff had accepted bribes.
The Court, in its opinion, said:

*327 "* * * The gist of plaintiff's suit is the wrongful and malicious act of defendant which resulted in plaintiff's losing the emoluments of the office. It is asserted that there is no adjudicated case in England or this country where an action has been maintained to collect damages for wrongfully procuring the removal of an officer. We are dealing with an administrative office holder under the executive branch of the state government. * * * If therefore the defendant as it is alleged wrongfully and maliciously procured the governor to exercise his discretion and remove plaintiff, we can see no good reason why the defendant should not be answerable to plaintiff."
Also in Faulk v. Allen, supra, the Court said:
"* * * Appellant asserts that conspiracy as an independent civil action was unknown at common law as well as in this country. Some respectable authority is cited for this assertion. We do not feel that the question is open in this state however since it was held in the affirmative in Garsed v. Sugarman, 99 Fla. 191, 126 So. 157; Quigg v. Helm, 119 Fla. 693, 161 So. 55. Hunter Lyon, Inc., v. W.H. Walker, Fla., 11 So.2d 176, opinion filed December 11, 1942. A comprehensive discussion of this question will be found in Chapter XVI, Carson's Revised Edition Florida Common Law Pleading, Practice and Procedure. See also Law of Conspiracy by Harrison."
A complaint alleging a conspiracy to damage the credit and financial rating of the plaintiff, an overt act done in pursuance with the conspiracy and damages resulting from such overt act was held to contain all the essential elements of malicious conspiracy. See Dr. P. Phillips and Sons, Inc., v. Kilgore, 1943, 52 Fla. 578, 12 So.2d 465.
30 Am.Jur. 86, Topic "Interference", Section 38, states:
"There is in the various jurisdictions of the United States ample authority in support of the broad dictum laid down by Holt, Ch. J., so many years ago that an action lies for every injury suffered by reason of a violent or malicious act done to a man's occupation, profession, or way of getting a livelihood. Thus, it is said, that every person sui juris is entitled to pursue any lawful trade, occupation, or calling as a part of his civil rights and is as much entitled to be protected therein as is the citizen in his life, liberty, and property. In fact, it has been held that every man's trade or profession is his property, since it is his means of livelihood and since through its agency he maintains himself and family, and is enabled to add his share towards the expenses of maintaining the government. Moreover, one who has followed a certain trade or calling for years may be to a great extent unfitted for any other business. Such an invasion of his legal rights is therefore not only an injury to him individually, but is also an injury to the public on account of its tendency to produce pauperism and crime.
"Possibly the broadest statement of the doctrine as it has been applied in the United States is to be found in the following language which has been widely quoted: `The common law seeks to protect every person against the wrongful acts of others, whether committed alone or by combination, and an action may be had for injuries done which cause another loss in the enjoyment of any right or privilege or property. * * *'"
In Section 52, Pleading, 30 Am.Jur. 97, "Interference", it is stated:
"* * * A complaint seeking damages for inducing breach of contract *328 has been held sufficient where it alleges that the contract was entered into, that its performance was refused, that such refusal was induced by the unlawful and malicious acts of the defendant, and that damages have resulted, although it fails to allege that the plaintiff complied with the requirements of the contract on his part. The complaint need not set out the contract, but is sufficient if it states the effect thereof so far as it is material. Hence, a prima facie case of wrongful interference with a contract is made out if it is alleged (1) that the acts were intentional and wilful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted. * * *"
With the foregoing rules in mind, let us see if the complaint stated a cause of action:
Paragraph 1 refers to all of the defendants named in the caption of the complaint and also the various positions of the defendants.
Paragraph 2 sets forth the qualifications of the plaintiff including the college degrees obtained in speech therapy by plaintiff.
Paragraph 5 alleges defendant, Davis, wrote a malicious, scurrilous and false letter concerning the plaintiff to Mrs. Thelma Godfrey, who was the plaintiff's superior in the public school system of Duval County.
Paragraph 6 alleges that all of the named defendants conspired with each other maliciously to defame plaintiff and maliciously to prevent plaintiff from earning a livelihood as a speech therapist.
Paragraphs 7, 8, 9, 10, 11 and 12 allege employments in the schools of Pinellas and Hillsborough Counties and the subsequent loss of such employments through alleged interference on the part of the various defendants.
Paragraph 13 alleges:
"Defendants have conspired and confederated with each other and, upon information and belief, with parties unknown to plaintiff for the purpose of harassing plaintiff and ruining her reputation and keeping her from securing a position in the public schools or following her profession as a speech therapist. Each of the acts of the various defendants about which plaintiff complains as hereinabove set forth, was performed by one or more of the defendants as hereinabove mentioned, as a part of and pursuant to said conspiracy. Some of the overt acts which have been performed by defendants in accomplishing the purposes of said conspiracy are hereinabove set forth, but, upon information and belief, there are many other acts which defendants have done in such connection which plaintiff has been unable to learn. In their attempts to harass plaintiff and ruin her life as above set forth, defendants have been, and are, acting secretly and covinously. Plaintiff has pleaded with certain of defendants from time to time to let her know the details as to said malicious rumors that have circulated concerning plaintiff, and the names of the persons who have been circulating the same, so that plaintiff would be able to prove her innocence of said wicked and malicious charges and so that plaintiff could terminate the circulation of said rumors; and plaintiff has begged defendants from time to time to place formal charges against her so that her innocence may be established; and plaintiff has begged defendants to have the police investigate any and all of such rumors so that plaintiff's innocence could be established; but defendants refused; and have refused to *329 pay any attention to the investigation made at the request of plaintiff by the Police of the City of St. Petersburg, Florida, and have refused to give to plaintiff any information as to the present source of said rumors, but on the contrary, have wickedly and scurrilously conspired together, to defame plaintiff; and to keep plaintiff from being able to establish her innocence and put an end to said rumors; and to keep plaintiff from being able to obtain and keep a position in the public schools or to practice her profession as a speech therapist. Until said conspiracy is terminated, it is useless for plaintiff to make further attempts to secure a position as a speech therapist. Plaintiff's attempts to refute said rumors that are revealed to her in a tantalizing way by defendants as aforesaid, but without sufficient definiteness to enable plaintiff to do anything about them, have worried plaintiff so much that she is on the verge of a breakdown and has been required to submit herself to the care of a physician.
"As a direct and proximate result of the malicious and wilful acts of defendants conspiring together as aforesaid, plaintiff has been prevented from securing and keeping a position and making a livelihood in her chosen profession and her health has been impaired and her good name and reputation have been besmirched and she has been made to endure untold agony and suffering."
The effect of a motion to dismiss is to admit the well pleaded allegations of the complaint. So we conclude that, admitting the truth of the various allegations of the complaint, a cause of action was stated.
The case is reversed for further action not inconsistent with this opinion.
KANNER, C.J., and PLEUS, J., concur.