ALLEN, Judge.
This is an appeal from an order dismissing with prejudice the amended complaint in a common law action. The suit was brought by Clifford A. Napper against Ben Krentzman and Doris T. Alvord for damages to plaintiff resulting from an alleged conspiracy by defendants to defraud plaintiff of certain contractual rights and of certain profits. Plaintiff appeals, the parties being referred to herein as they stood before the trial court.
The original complaint was filed against Doris T. Alvord. The complaint was dismissed on defendant’s motion. The amended complaint was filed alleging in greater detail the facts set forth in the original-complaint, and adding as a defendant to the cause, without permission of the court, the defendant, Ben Krentzman. Each defendant moved to dismiss the amended complaint. The trial judge granted each of the motions to dismiss.
The appellant, in his brief, contends that his amended complaint claimed damages for conspiracy and fraud. The amended complaint, in effect, charged that defendant Doris T. Alvord, H. G. Currey, W. A. MacMillen, and the plaintiff had agreed to purchase a certain piece of property and had agreed that the ownership of the real estate would be 50% to Alvord, 25% to Currey and 12j4% each to MacMil-len and the plaintiff; that a corporation should be formed with the common stock to be held' on the same percentages as was title to the involved real estate; that because plaintiff was involved in many other business enterprises and a lawsuit against him individually would tie up the entire tract of land, it was understood and agreed that the plaintiff’s name would be omitted from any contract; and that the plaintiff’s 12j4% interest would be held in the name of W. A. MacMillen pending formation of the intended corporation.
The complaint also alleged that all payments made in pursuance of the contract to purchase the land, “Exhibit B”, would be made on the basis of the agreed ownership, including the final payment to be made February 1, 1955; that title was to be taken either in the names of defendant Doris T. Alvord, the said H. G. Currey and the said W. A. MacMillen, or in the name of the said proposed corporation.
The complaint then alleged that plaintiff paid his 12j4% of the $12,500 consid- *635 «ration provided for in “Exhibit B” with knowledge of all parties who executed “Exhibit B” or who were present when it was executed; that a further agreement between the parties, shown as “Exhibit C”, was entered into; that on September 3, 1954, plaintiff obtained an exclusive option to purchase said real estate, which is ■shown as “Exhibit D”; that on September 28th the plaintiff, defendant Alvord, H. G. Currey and W. A. MacMillen met together and it was agreed by defendant Alvord that in the event the parties were able to purchase the real estate, that Doris T. Al-vord would pay plaintiff $2,750 for his one-half interest under the option; that defendant Ben Krentzman was instructed ■by Alvord to draw a binding contract providing for two payments of $1,375 each by defendant Alvord to the plaintiff, payable December 15, 1954 and January 15, 1955.
The complaint then alleged that after the •conspiracy of the defendants and each of them, the defendants, as part of said conspiracy, intentionally failed to cause said agreement to be drawn and failed to make the payment of $2,750 to the plaintiff; that at the time of the execution of “Exhibit B” the option was in full force and effect, but plaintiff, relying upon the representation ■of defendants and each of them, relinquished his sole right to purchase under ■said option and concurred in the drawing and execution of “Exhibit B”; that on November 6, 1954, defendant Ben Krentzman wrote plaintiff a letter, a copy of which was attached as “Exhibit E”; that said letter was the start of a joint conspiracy on the part of the defendants to defraud plaintiff of his contractural right to acquire an interest in the land and to injure plaintiff by injuring his credit and his ability to meet future payments provided for in “Exhibit B” and “Exhibit C”; that a check referred to in “Exhibit E” was not accepted by plaintiff and was returned to defendant Doris T. Alvord; that on or about December 4, 1954, plaintiff was verbally offered by said H. G. Currey a profit of $13,437.50 for his contractural right to acquire a 121/S % interest in said tract of land and for assignment of the $2,750 due the plaintiff from defendant Alvord; that defendants conspired to maintain a false and malicious suit against plaintiff for the purpose of clouding the title to said real estate and thereby destroy plaintiff’s credit; that the defendants and each of them knew that the facts alleged in said suit by the defendant Alvord were false and that they would cloud the title to said real estate and prevent H. G. Currey from completing his intended purchase of plaintiff’s interest in the said tract of land.
Plaintiff further alleged that he was eventually compelled to sell his interest in said tract of land for $6,937.50 less than he would have received had not the title to said land been clouded by the false and abortive lawsuit; that defendants on December 16, 1954, in furtherance of their evil scheme, maliciously filed and maintained the false lawsuit with defendant Doris T. Alvord as plaintiff and defendant Ben Krentzman as her attorney, which case was filed as Chancery cause No. 42,-364, for the sole purpose of hindering and delaying the purchase of said land, to destroy plaintiff’s credit, to force plaintiff to sell to defendant Alvord his interest in said property and to prevent plaintiff from completing his proposed sale to H. G. Currey of his interest in said contract.
“Exhibit A” referred to in the complaint was an agreement entered into on the 16th of October, 1954 by the administrators of the McMullen estate as sellers, and Al-vord, MacMillen and Currey as purchasers. “Exhibit B” was an agreement entered into on the 19th of October, 1954 between the same parties for purchase and sale of certain real estate.
“Exhibit C” referred to was an agreement between W. A. MacMillen and Clifford A. Napper which provided Napper and MacMillen should share equally in the profits, losses and participation in the contract of purchase.
*636 The order of dismissal of the amended complaint considered the effect of Chancery cause No. 42,364, which was referred to in the complaint. Chancery cause No. 42,364 is the suit referred to in the amended complaint and in which it was alleged that the defendant conspired to maintain a false and malicious suit against plaintiff for the purpose of clouding the title to said real estate and thereby to destroy-plaintiff’s credit, the defendants knowing that the facts set forth in the suit were false and would prevent H. G. Currey from completing his intended purchase of the plaintiff’s interest in the tract of land involved in the action. This suit was brought by Alvord against Napper, MacMillen and Currey. Alvord alleged that she negotiated for the purchase of the tract of acreage through MacMillen, the broker, who was to be a co-purchaser of a part interest, as was Currey; that it was understood that Alvord was to have a controlling interest in the property; that her participation was agreed to be contingent upon her control of the transaction; and that she later learned that MacMillen or Currey intended to include Napper as a co-purchaser with the intention to withhold control of the property from Alvord.
The Circuit Judge, in the order from which this appeal is taken, noted:
“That it affirmatively appears from the pleadings of this cause, and those filed in Chancery Cause No. 42364 Sixth Judicial Circuit that Defendant Ben Krentzman was in no way a party to the transaction alleged in this suit, having merely acted in a representative capacity, as acknowledged by Plaintiff himself in the previous suit referred to; that Defendant Ben Krentzman is not a proper or necessary party to this suit and the joinder of him as a party defendant was without leave of Court and leave therefore is hereby denied.”
Such order further held that the amended complaint failed to state a cause of action and dismissed the same with prejudice and without leave to amend. The court also said:
“That Plaintiff has had ample opportunity, both in this cause and in Chancery Cause 42364 above referred to, in which to draft a pleading which would fully and accurately state his case;. the Court is therefore of the opinion, that no useful purpose will be served by permitting any further amendment or attempt to again re-draft the pleadings submitted by Plaintiff herein.”
The appellant, in his brief, argues-that the appellant claimed damages for conspiracy and fraud in his amended complaint. The appellee construes the amended' complaint as charging a. conspiracy for malicious prosecution of a false suit and a conspiracy to defame through a false suit. This court is of the opinion that, stripped' of its legal verbiage, the amended complaint charges a conspiracy on the part of the two defendants to injure the credit of the plaintiff by the filing of the suit here-inabove mentioned (Chancery cause No. 42364).
The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which has been done pursuant to-the conspiracy which results in damage to the plaintiff. Liappas v. Augoustis, Fla. 1950, 47 So.2d 582; Loeb v. Geronemus, Fla.1953, 66 So.2d 241.
Nowhere in the amended complaint does-the plaintiff allege that the so-called false-suit brought against him and others by the present appellee was concluded favorable to him. In fact, the outcome of that suit was not mentioned in the amended complaint.
In Catlett v. Chestnut, 1933, 108 Fla. 475, 146 So. 547, 548, the Supreme Court of Florida said:
“Where the gravamen of an action is an asserted right to recover for damages done by a plaintiff’s wrongful *637 and malicious prosecution of a civil suit, without probable cause, for the purpose of oppressing the defendant, the suit is not to be considered false unless it has been defeated, or it is made to appear that it was deliberately brought for a larger sum than was known to be due, for the purpose of oppressing the defendant. * * * Therefore while a judgment in such cases remains unreversed, it is conclusive upon the parties in every respect, and cannot be impeached, directly or collaterally.”
In Tatum Bros. Real Estate & Investment Co. v. Watson, 1926, 92 Fla. 278, 109 So. 623, 626, the Court held that malicious prosecution was an action based on an unsuccessful civil or criminal proceeding brought against the current plaintiff in a previous action without probable cause, but with malice. The Court, in its opinion, saying:
“An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action. 38 C.J. p. 386.”
See also Goldstein v. Sabella, Fla.1956, 88 So.2d 910.
The appellant, on page 10 of his brief, states that the present amended complaint is based on the theory of a conspiracy resulting in damages to the appellant, and then quotes from the case of Regan v. Davis, Fla.App.1957, 97 So.2d 324, decided by this court, as a ground for his contention that a conspiracy alone, if it causes damages, states a cause of action. We do not construe Regan v. Davis, supra, as so hold ing. That was an action by a speech therapist, who alleged that several defendants had maliciously and willfully conspired to defame her and to cause her to lose her position, and the District Court of Appeal held that the complainant sufficiently alleged a cause of action on the theory of conspiracy to interfere with the therapist’s right to practice her profession as a speech therapist, even though the complaint was apparently grounded on a conspiracy to defame and did not allege sufficiently a cause of action predicated on defamation.
6 Fla.Jur., Conspiracy, Section 13, pages 244, 245, states:
“There can be no independent tort for conspiracy unless in a situation where mere force of numbers acting in unison or other exceptional circumstances may make a wrong and in order to prove an independent tort for conspiracy upon such basis it must be shown that there was some peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individuals standing in a like relation to the plaintiff would not have had. The most common illustration of such a conspiracy is to be found in the combined action of groups of employers or employees, where through the power of combination pressure is created and results brought about different in kind from anything that could have been accomplished by separate individuals. Outside of this and related or similar fields, instances of conspiracy which is in itself an independent tort are rare and should be added to with caution.”
We hold that the lower court properly dismissed the complaint for failure to state a cause of action. We further hold that it was within the discretion of the trial judge *638 to determine that the plaintiff had had sufficient opportunity to state a cause of action and, therefore, it was not error for him to refuse further amendment.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.