ALLEN, Chief Judge.
The appellants, defendants below, bring an interlocutory appeal to review two orders entered by the circuit court. One order was dated the 5th of July, 1966, and filed the same day, denying the defendants’ plea to privilege of venue. The other order was dated July 12, 1966, and filed on July 18, 1966, denying the defendants’ motion to dismiss, motion to strike and motion for more definite statement. The notice of interlocutory appeal was filed the 6th of September, 1966.
It is observed that the order raising the venue question was dated the 5th day of July, 1966, which was some 63 days prior to the appeal date. We, therefore, dismiss this part of the interlocutory appeal for failure to file within 60 days as required by Rule 4.2(b), 31 F.S.A.
The appellants’ second point states:
“Does the complaint sufficiently allege ultimate facts stating a cause of action for conspiracy and unlawful competition?”
Therefore, the only question we have to pass on is whether the lower court erred in overruling the motion to dismiss the complaint.
The complaint was filed against David' W. Gettinger, Charles E. Rose, Profirió A. Rodriguez and Hy W. Cauthen doing-business as Mark-It Products Company. It alleged that the defendant Gettinger was-a stockholder, a director, vice-president and managing officer of the plaintiff corporation; that at all times material to the cause defendant Rose was continuously employed as the plaintiff’s principal sales agent and representative with exclusive-sales territory in Central Florida; that defendant Rodriguez was the plaintiff’s, supervisor and agent in charge of production and remained in such capacity at all times material to this cause; and that defendant Cauthen was the sales representative and agent of plaintiff’s principal supplier, Fasson Corporation, and had been such at all times material to this cause.
The complaint further alleged:
“7. That commencing in or about March, 1966, which precise date is more particularly known to the Defendants, the Defendants secretly combined together in a conspiracy against the Plaintiff for the purpose of taking concerted action to willfully, wantonly, and unlawfully interfere with Plaintiff’s business.
“8. That the purpose of Defendants’ conspiracy was to maliciously and unlawfully disturb and interfere with Plaintiff’s business so as to gain for the Defendants an unfair competitive advantage by effectively eliminating Plaintiff corporation from the tape and label business and thereby greatly facilitate the establishment of a competing business by Defendants furnishing the same services and manufacturing the same line of merchandise as does the Plaintiff.
“9. That Defendants believed their conspiracy to effectively eliminate Plaintiff as a competitor would be effective since the Defendants, acting in concert, *697 represented each of the four necessary components of a successful manufacturing business, namely, management, sales, production, and supply.
“10. That through their conspiracy and concerted action, the Defendants have lured away Plaintiff’s customers through unfair competition involving the improper use of confidential knowledge concerning the identity of Plaintiff’s customers, their needs and services which Plaintiff rendered to them, and during the times aforesaid while Defendants GETTINGER, ROSE, and RODRIGUEZ owed a duty of loyalty and good faith to the Plaintiff they proceeded to intentionally mislead Plaintiff’s customers into placing orders which the customers were falsely told and led to believe were to he manufactured and supplied by Plaintiff, whereas said orders were never forwarded to Plaintiff but were willfully and wantonly diverted to Defendants’ business concern known as Mark-It Prod-acts Company.
“11. That Defendants have physically appropriated the unique artwork belonging to Plaintiff and have unlawfully ■duplicated said artwork for use in producing tapes, labels, and other products by Defendants’ business concern for Plaintiff’s customers in unfair competition with the Plaintiff.
“12. That Defendants have physically appropriated correspondence, orders, invoices and other written memoranda from Plaintiffs place of business containing trade secrets and confidential matter and have used the information contained therein in unfair competition with Plaintiff, including order numbers for confidential special ink formulas developed by Flint Ink Corporation with Plaintiff’s efforts and assistance, which ink was used exclusively by Plaintiff in the manufacture of its products prior to Defendants’ appropriation thereof.
“13. That as a result of said physical appropriation of Plaintiff’s property, improper use of confidential knowledge and diversion of business opportunities belonging to Plaintiff, the Plaintiff has suffered a tremendous loss of business and its volume of orders has been drastically reduced since the Defendants formed their conspiracy and commenced to willfully and wantonly interfere with Plaintiff’s business.
“14. That said list of customers and said artwork were unique and confidential properties of the Plaintiff and contained confidential matter which formed the very basis and heart of Plaintiffs business, and the appropriation of said unique and confidential matter by Defendants and its use by Defendants’ business concern will result in irreparable damage to Plaintiff which could not be adequately compensated for by money damages.”
The second count of plaintiff’s complaint was against the defendant David W. Gettin-ger, individually, and more or less reiterated the matters hereinbefore set forth in the first count.
The effect of a motion to dismiss is to admit the well pleaded allegations of the complaint. So we conclude that, admitting the truth of the various allegations of the complaint, a cause of action was stated, and the lower court committed no error in overruling the motion to dismiss filed by appellants. See Regan v. Davis, Fla.App.1957, 97 So.2d 324, and authorities cited therein.
Affirmed.
SHANNON and HOBSON, JJ., concur.